# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| GREG BRENT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | |
| STERLING INFOSYSTEMS, INC.; | ) | Judge |
| and WORLDPAC INC. | ) | Magistrate Judge |
| | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Greg Brent, by counsel, and for his Complaint against Sterling Infosystems, Inc.; and WORLDPAC, Inc, states as follows:

## JURISDICTION AND VENUE

1. This case is brought under the Fair Credit Reporting Act, 15 USC 1681 et seq., as amended (the "**FCRA**").

2. Jurisdiction of this Court arises under 15 USC 1681p, 28 USC 1331 and 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Greg Brent is an adult individual and citizen of the State of Tennessee.

5. Defendant Sterling Infosystems Inc. is a business entity that regularly conducts business in the State of Tennessee and which has a principal place of business located at Sterling Infosystems, Inc., 249 West 17th Street, New York, NY, 10011.

6. Defendant WORLDPAC, Inc. is a business entity that regularly conducts business in the State of California and which has a principal place of business located at 37137 Hickory St. Newark, CA 94560-5522

**FACTUAL ALLEGATIONS**

7. At all times relevant hereto, Defendant was a "consumer reporting agency" as defined by 15 USC 1681a(f).

8. At all times relevant hereto, Plaintiff was a "consumer" as that term is defined by 15 USC 1681a(c).

9. Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer credit report information by consumer reporting agencies.

10. STERLING INFOSYSTEMS, INC. sells consumer reports to employers who wish to screen job applicants.

11. On its Web site, in a section entitled "Compliance", STERLING INFOSYSTEMS, INC. represents that it complies with The Fair Credit Reporting Act.

12. Some of the consumer reports STERLING INFOSYSTEMS, INC. sells contain information regarding a job applicant's criminal history.

13. In addition, STERLING INFOSYSTEMS, INC. furnishes consumer reports which contain "possible" criminal history information about a job applicant.

14. Despite its duty to maintain the maximum possible accuracy of the reports which it furnishes, STERLING INFOSYSTEMS, INC. has nonetheless deliberately, willfully, intentionally, recklessly and negligently adopted a policy and practice of producing and selling such information about consumers in direct violation of the FCRA.

15. Plaintiff believes STERLING INFOSYSTEMS, INC. thereby reported adverse information purportedly about the Plaintiff in a consumer report.

16. At all times relevant hereto, STERLING INFOSYSTEMS, INC. was acting by and through its agents, servants and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of STERLING INFOSYSTEMS, INC..

17. At all times relevant hereto, the unlawful conduct of the Defendant, as well as that of its agents, servants and/or employees, did not result from an isolated or solitary instance of human error, but rather was willful, intentional and in reckless disregard for the FCRA and consistent with Defendant's corporate policy and practice.

18. Plaintiff was not employed by WORLDPAC, Inc. due to the background check.

19. Plaintiff wages with WORLDPAC, Inc were to have been less than $50,000 per year.

20. After Plaintiff's employment, WORLDPAC, Inc hired STERLING INFOSYSTEMS, INC. to perform a background check on Plaintiff.

21. STERLING INFOSYSTEMS, INC. performed this background check through a "database search" and not through its "standard criminal background research methods."

22. STERLING INFOSYSTEMS, INC. furnished a consumer report to WORLDPAC with information, that was false.

23. The report furnished by WORLDPAC was used or expected to be used in whole or in part for the purpose of serving as a factor in establishing Plaintiff's eligibility for employment.

24. WORLDPAC communicated to Plaintiff that it had obtained this consumer report at which point Plaintiff protested to WORLDPAC that information about criminal convictions which might be contained within the report from STERLING INFOSYSTEMS, INC. was false but WORLDPAC did not believe Plaintiff.

25. As a result of STERLING INFOSYSTEMS, INC. report, Plaintiff was refused a job.

26. As a result of STERLING INFOSYSTEMS, INC. report, WORLDPAC made decisions adversely affecting Plaintiff's employment.

27. WORLDPAC did not provide Plaintiff with a copy of the STERLING INFOSYSTEMS, INC. report.

28. WORLDPAC did not provide Plaintiff with a pre-adverse action letter prior to Plaintiff's termination.

29. WORLDPAC did not provide Plaintiff with an adverse action letter after Plaintiff's termination.

29. Plaintiff was humiliated, shocked, and embarrassed by his termination and the events leading up to and following that termination.

30. Plaintiff suffered extreme emotional distress because of his termination and the events leading up to and following that termination.

31. Plaintiff has suffered damage to his reputation because of his termination and the events leading up to and following that termination.

## COUNT I - FCRA

### (Against Sterling Infosystems, Inc.)

32.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32.     This count states claims for negligent and willful violations of the FCRA against STERLING INFOSYSTEMS, INC. pursuant to 15 USC 1681o and 1681n.

33.     STERLING INFOSYSTEMS, INC. failed to comply with the requirements of the FCRA in one or more of the ways set forth herein.

34.     STERLING INFOSYSTEMS, INC. compiled and reported items of information on Plaintiff which STERLING INFOSYSTEMS, INC. represented were matters of public record and which were likely to have an adverse effect on Plaintiff's ability to obtain employment in violation of Section 1681k of the FCRA.

35.     At the time STERLING INFOSYSTEMS, INC. reported such public record information to WORLDPAC, STERLING INFOSYSTEMS, INC. failed to notify Plaintiff of the fact that the public record information was being reported by STERLING INFOSYSTEMS, INC. to WORLDPAC, in violation of Section 1681k of the FCRA.

36.     At the time STERLING INFOSYSTEMS, INC.reported such public record information to WORLDPAC, STERLING INFOSYSTEMS, INC. failed to maintain strict procedures designed to insure that the public record information it reported to WORLDPAC about Plaintiff was complete and up to date, in violation of Section 1681k of the FCRA.

37.     STERLING INFOSYSTEMS, INC. failed to follow reasonable procedures to assure maximum possible accuracy of the information contained within its report to WORLDPAC in violation of Section 1681e(b) of the FCRA.

38. STERLING INFOSYSTEMS, INC. failed to exercise due care and reasonable prudence in the preparation of its report relative to Plaintiff.

39. As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

40. STERLING INFOSYSTEMS, INC. acts and/or omissions made in violation of the FCRA were willful, entitling Plaintiff to recover the remedies provided in 15 USC 1681n.

41. STERLING INFOSYSTEMS, INC.'S acts and/or omissions made in violation of the FCRA were negligently made, entitling Plaintiff to recover the remedies provided pursuant to 15 USC 1681o.

WHEREFORE, Plaintiff requests that this Court enter judgment against STERLING INFOSYSTEMS, INC. for negligent and willful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

### **COUNT II - FCRA**
### **(Against WORLDPAC)**

42. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

43. Upon receipt and review of the STERLING INFOSYSTEMS, INC. report, WORLDPAC intended to take and did take adverse action against Plaintiff.

44. WORLDPAC failed to provide a copy of the STERLING INFOSYSTEMS, INC. report to Plaintiff prior to taking adverse action against Plaintiff, in violation of Section 1681c(b)(3)(A)(i) of the FCRA.

45. WORLDPAC failed to provide a description in writing of the rights of Plaintiff under the FCRA to Plaintiff prior to taking adverse action against Plaintiff, in violation of Section 1681c(b)(3)(A)(ii) of the FCRA.

46. WORLDPAC failed to provide notice of the adverse action taken against Plaintiff, in violation of Section 1681m(a) of the FCRA.

47. WORLDPAC failed to provide the name, address and telephone number of STERLING INFOSYSTEMS, INC. after taking adverse action against Plaintiff, in violation of Section 1681m(a) of the FCRA.

48. WORLDPAC failed to provide a statement to Plaintiff after taking adverse action that STERLING INFOSYSTEMS, INC. did not make the decision to take the adverse action, in violation of Section 1681m(a) of the FCRA.

49. WORLDPAC failed to provide notice to Plaintiff in accordance with and in violation of Section 1681m(a)(3) of the FCRA.

50. WORLDPAC failed to maintain reasonable procedures to assure compliance with Section 1681m of the FCRA.

51. As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

52. WORLDPAC's acts and/or omissions made in violation of the FCRA were willful, entitling Plaintiff to recover the remedies provided in 15 USC 1681n.

{00574430- }

Case 3:16-cv-01748   Document 1   Filed 07/08/16   Page 7 of 8 PageID #: 7

53. WORLDPAC's acts and/or omissions made in violation of the FCRA were negligently made, entitling Plaintiff to recover the remedies provided pursuant to 15 USC 1681o.

WHEREFORE, Plaintiff requests that this Court enter judgment against WORLDPAC for negligent and willful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands trial by jury on all of his claims.

Respectfully submitted,

ALLMAN & ASSOCIATES

s/ Andy L. Allman
Andy L. Allman, BPR No. 17857
110 SAUNDERSVILLE RD. SUITE 110
Hendersonville, TN 37075
Telephone: (615) 933-0110
andy@andylallman.com

*Counsel for Plaintiff*